W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

RAINBO BAKING COMPANY OF LEXINGTON, a corporation, Defendant.

Civ. A. No. 1682.

United States District Court
E. D. Kentucky,
Lexington Division.

Jan. 27, 1967.

Charles Donahue, Solicitor, Jeter S. Ray, Regional Atty., Bobbye D. Spears, Atty., Dept. of Labor, Nashville, Tenn., for plaintiff.

Wm. D. Becker, Louisville, Ky., Walter Vernon, Dallas, Tex., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SWINFORD, Chief Judge.

This is an action by the Secretary of Labor to enjoin defendant Rainbo Baking Company of Lexington, a corporation, from violating the provisions of Sections 6(d) (1) and 15(a) (2) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter referred to as the Act, and to restrain defendant from witholding payment of wages found by the Court to be due the employees under the Act.

Defendant admits that its employees, including those involved herein, are covered by the provisions of the Act because they are engaged in commerce and in the production of goods for commerce and also because they are employed by an establishment of an enterprise, as defined in Section 3(s) (3) of the Act, which is so engaged. The primary question before the Court is whether defendant has violated the equal pay for equal work provisions of Section 6(d) (1)[1] of the Act.

The cause came on for trial before the Court, sitting without a jury, on December 19 and 20, 1966, upon the complaint filed under Section 17 of the Act. Having considered the pleadings, stipulations, exhibits, the testimony of witnesses, and the statements of counsel, and now being fully advised in the premises, the Court hereby makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

### I

Defendant corporation is engaged in the operation of a bakery in Lexington, Kentucky. During the period since January 23, 1965, Mrs. Oakie Crawley, Mrs. Lillian Williams, Mr. Oscar Spicer, Mr. John Curtis and Mr. Cecil Spicer have been employed by defendant in the distribution department of the bakery in the boxing and bagging of rolls and buns. This is an assembly line operation. Oscar Spicer dumps the buns, or sets the pans of rolls, onto the line and Curtis, Crawley and Williams pack them in boxes or bag them in cellophane bags.

Cecil Spicer works four days a week on the line replacing Curtis, Crawley, Oscar Spicer and Williams on their respective days off. On Sunday, he replaces the regular truck loader. This latter job involves pushing or rolling bin trucks loaded with the packaged buns and rolls to the adjacent loading dock and on to the transport trucks. A part of this job also includes spending approximately four hours of the day on the packaging line boxing and bagging with the women and John Curtis.

All the men on the line are or may be called upon to roll a bin truck, to lift or handle containers, or to do some other task that is required. It might be said that women are not physically adequate to perform these tasks.

The employees work approximately the same schedule of hours, some of which are in the night-time, and generally take

---

1. Section 6(d) provides in pertinent part as follows:

(1) No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: Provided, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee.

\*     \*     \*     \*

(3) For purposes of administration and enforcement, any amounts owing to any employee which have been withheld in violation of this subsection shall be deemed to be unpaid minimum wages or unpaid overtime compensation under this Act.

their breaks at the same time. They have a 10-minutes rest period every two hours and a thirty-minute meal period each shift. Their scheduled workweek consists of five days, although they frequently work more, and they often work overtime.

From June 11, 1964, to January 23, 1965, the job since held by John Curtis was occupied by Miss Jeanette Whalen. The jobs performed by Lillian Williams, Oakie Crawley, Oscar Spicer and Cecil Spicer, and the working conditions, were the same as described above.

## II

From June 11, 1964, to January 23, 1965, the regular rate of pay of Whalen, Crawley and Williams was 25¢ per hour less than the regular rate of pay of Oscar Spicer and Cecil Spicer. Since January 23, 1965, the regular rate of pay of Crawley and Williams has been 25¢ per hour less than the regular rate of pay of John Curtis, Oscar Spicer and Cecil Spicer.

## III

The employees in question are members of the Bakery and Confectionery Workers International Union of America, and covered by the provisions of a collective bargaining agreement. Under the agreement in force and effect from June 1, 1963, to April 1, 1966, the female employees in question were classified as "Female Help"; the male employees were classified as "Wrapping Machine Helpers," with a 25¢ per hour difference in pay in favor of the men. Under the current agreement, in effect since April 1, 1966, the women's classification was changed to that of "Bun Packer"; the classification of the men in question and their favorable 25¢ per hour pay differential remained the same. The truck loading job, a separate classification, is rated at the same pay as the wrapping machine helper classification under both agreements.

## IV

When Jeanette Whalen quit on January 22, 1965, her job was posted on the plant bulletin board. John Curtis, then employed as a "bread racker" in the baking department, bid on the job and was awarded it, on the basis of seniority, at the wrapping machine helper classification and rate of pay. This was a cut in pay for Curtis from his former bread racker rate, and his rate of pay as a wrapping machine helper on the packaging line is not a "red circle" rate.

## V

The preponderance of the evidence shows that there are no significant differences in these jobs, or in the skill, effort and responsibility required to perform them, or in the working conditions under which they are performed. The employees all do substantially the same work. One of the men makes a minor adjustment to the slicing machine but this does not involve any peculiar skill. Any differences in physical effort are inconsequential. The fact that it is necessary at times for one of the men on the line to perform a task requiring heavy lifting or handling, which women might be physically inadequate to perform, is only incidental and so incidental that it would not justify making a distinction here. They all have substantially the same degree of skill, experience and responsibility.

The evidence shows that the 25¢ per hour difference in pay is based solely on sex. There are no substantial differences in these jobs and the women perform them just as well as the men. There is no valid justification for paying the women less than the men.

## CONCLUSIONS OF LAW

### I

The Court has jurisdiction over the subject matter and the parties involved herein.

### II

The equal pay provisions were added to the Fair Labor Standards Act by the Equal Pay Act of 1963 (77 Stat. 56) enacted on June 10, 1963. The em-

ployees involved herein were covered by a collective bargaining agreement but it was in effect less than 30 days prior to the date of enactment of said Act. The equal pay provisions thus became applicable to them on June 11, 1964.[2]

### III

During the period since June 11, 1964, defendant has violated Section 6(d) (1) of the Act by discriminating between employees on the basis of sex by paying wages to female employees Whalen, Crawley and Williams at the rate of 25¢ per hour less than the rate paid to male employees Oscar Spicer, Cecil Spicer and John Curtis, employed in the same establishment, for equal work on jobs, the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

### IV

■■ Application of the equal pay standard is not dependent on job classification, but depends rather on actual job requirements and job performance. Equal does not mean identical. Jobs are seldom identical in every respect; small differences in job requirements can easily be made but make no real difference where the work is substantially the same. The incidental and occasional performance of a task which women might be physically inadequate to perform is not sufficient to render the jobs unequal or to justify a difference in pay. The jobs as a whole should be viewed over the entire work cycle. Wirtz v. Basic, Inc., 256 F.Supp. 786 (D.C.Nev., July 22, 1966); 29 CFR 800.100, et seq.

2. Section 4 of the Equal Pay Act provides as follows with respect to the effective date of its amendments:
The amendments made by this Act shall take effect upon the expiration of one year from the date of its enactment: Provided, That in the case of employees covered by a bona fide collective bargaining agreement in effect at least

### V

■ The fact that one of the men replaces the truck loader one day a week is not a justification for paying him the entire week at a wage rate higher than that paid the women. As the Court said in Wirtz v. Basic, Inc., *supra*, "there could be no effective enforcement of the equal pay provisions if differentials between sexes were permitted for all hours worked because of the substantially different working conditions and responsibilities entailed in a specific part of the work performed at indentifiable times and places."

### VI

■ Legal restrictions under State law limiting the number of hours the women can work are not sufficient to render otherwise equal work unequal, and are not a justification for an otherwise prohibited differential in wage rates. 29 CFR 800.163.

### VII

Upon the basis of the above-stated Findings of Fact and Conclusions of Law, plaintiff is entitled to the injunctive relief prayed for in the complaint, including the restraint of the withholding of unpaid wages due female employees Whalen, Crawley and Williams since June 11, 1964. The defendant shall compute the back wages, subject to verification by the plaintiff, based upon 25¢ per hour for all non-overtime hours and 37½¢ per hour for all overtime hours, as shown on defendant's records.

An order will be prepared consistent herein.

30 days prior to the date of enactment of this Act, entered into by a labor organization * * *, the amendments made by this Act shall take effect upon the termination of such collective bargaining agreement or upon the expiration of two years from the date of enactment of this Act, whichever shall first occur.